## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

VALID EVALUATION, INC., a Colorado corporation,

      Plaintiff,

v.

CLEANTECH OPEN GLOBAL, a California non-profit organization,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Valid Evaluation, Inc. ("Valid Eval" or "Plaintiff"), through its counsel Lathrop & Gage LLP, submits the following as its complaint and jury demand against Defendant Cleantech Open Global ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*

2.    The Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, *et seq.*; 28 U.S.C. §§ 1331 and 1338(a).

3.    The Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1) and/or the Colorado Long Arm Statute, Colo. Rev. Stat. § 13-1-124, as Defendant regularly transacts business and engages in solicitation of business within the State of Colorado.

4.    Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1391(a) and 1400(a), on the grounds that the infringement giving rise to

these claims occurred in this federal district, and on the grounds that Defendant and its agents now, and at all times material hereto, do business in the State of Colorado within this federal district.

## PARTIES

5.      Valid Eval is a corporation, duly organized and existing under the laws of the State of Colorado with its principal place of business located at 2426 North Emerson Street, Denver, Colorado 80205.   Valid Eval markets and sells customized online software, which displays rubrics that include unique evaluation factors, for use by organizations responsible for making decisions on grant awards, funding, prizes, and admissions.

6.      Defendant is a non-profit organization, duly organized and existing under the laws of the State of California with its principal place of business located at 425 Broadway, Redwood City, California 94063.   Defendant evaluates cleantech startup companies and determines funding for the same, and claims to be the "world's largest accelerator for cleantech startups." Defendant operates in eight regions throughout the United States, one of which is the Rocky Mountain Region, which includes the State of Colorado.

## GENERAL ALLEGATIONS

### Introduction of Rubrics to Defendant

7.      Valid Eval incorporates herein by this reference each and every allegation contained in each paragraph above.

8.      Adam Rentschler ("Rentschler") formed in January 2009, Rentschler Consulting LLC, a Colorado limited liability company, to provide management consulting services to various third parties.

9.      In September 2009, then Regional Judging Chair for the Defendant, Graham Russell ("Russell"), recruited Rentschler to be a volunteer for Defendant as a mock judge. Rentschler agreed and volunteered at the September 22, 2009 Mock Judging event.  Rentschler signed no agreements and did not receive any compensation as part of his volunteer activities with Defendant.

10.     On November 10, 2009, Russell resigned as Regional Judging Chair and asked Rentschler to take over his position.  Rentschler agreed, but again, did not sign any agreements and did not receive any compensation as part of his volunteer activities in this role with Defendant.

11.     During his volunteer work with Defendant, Rentschler quickly realized that Defendant's judging procedures did not provide the volunteer judges with sufficient metrics to adequately assess the startup participant's idea.  Rentschler also recognized that in addition to having more metrics integrated in Defendant's judging system, there should also be a built-in functionality in the judging procedure where the participant is provided useful feedback on why their startup company did or did not meet the grade.

12.     Eager to share his ideas with key members of Defendant's team, Rentschler attended one of Defendant's national events in the hopes of introducing his novel idea of using an on-line rubric, which contained specific metrics relevant to the participant's industry, to be used by both judge and participant during the judging procedure.  At the event, he met Tom Kosnik ("Kosnik"), professor at Stanford University and one of the leading experts on the subject of entrepreneurship.  Rentschler told Kosnik about the new concept and the advantages of Rentschler's Rubrics over the Likert Scale scoring methodologies used by Defendant at that

time.  Kosnik expressed his interest and told Rentschler that he would be willing to provide input if Rentschler developed such a rubric.

13.     During the same event, Rentschler also met with Rex Northen ("Northen"), Defendant's then-Executive Director.   Like Kosnik, Northen expressed great interest in Rentschler's idea and told him to send a proposal, along with a copy of the Rubrics, to Northen and other key individuals involved with Defendant at the time.

14.     Motivated by both Kosnik and Northen's interests in his idea, Rentschler partnered with would-be-co-founder of Valid Eval, Todd Reimer ("Reimer"), and began working on the Rubrics and the software platform for the Rubrics.  On November 22, 2010, Rentschler and Reimer created the first working version of the Rubrics ("Rubrics v0-1").   Attached as Exhibit A is a copy of Rubrics v0-1.

15.     Upon Northen's suggestion, Rentschler on February 24, 2011, sent a proposal to key employees of Defendant and other individuals volunteering for Defendant, attaching the then-current version of the Rubrics ("Rubrics v1-0").   Attached as Exhibit B is a copy of Rentschler's email and proposal.

16.     Between March 11, 2011 to March 13, 2011, Rentschler and the other chairs of the judging regions, including Kosnik, met in San Francisco, during which Kosnik discussed with Defendant the advantages of adopting Rentschler's Rubrics.  In addition, Kosnik proposed that he, Rentschler, and Claire Danielle Tomkins serve together as National Judging Co-Chairs for Defendant.  Northen approved of the arrangement.  Rentschler agreed to take on the national judging responsibility in addition to his Regional Judging Chair role.   Rentschler signed no

4

agreements and did not receive any compensation or incentives as part of his volunteer activities in this role with Defendant.

17.     In anticipation of starting his new role as National Judging Co-Chair, Rentschler was eager to finalize the Rubrics, which he reasonably believed would be used by Defendant on a national scale.  On April 26, 2011, Rentschler sent to Defendant and volunteers for Defendant a new version of the Rubrics, entitled, "Cleantech Open Judging Criteria v1-15" to obtain final feedback.  This version of the Rubrics is the subject of the present action ("Infringed Rubrics").  Attached as Exhibit C are copies of Rentschler's email and Infringed Rubrics.

18.     On June 15, 2011, Rentschler, together with Reimer and Kent Hollrah, formed Valid Evaluation, Inc. ("Valid Eval").  Rentschler formed and renamed his company, in part, because of the company's novel Rubrics, which he fully believed would revolutionize the evaluation processes involved in grant awards, bids, and the like in the private and public sectors.  Rentschler's perceived success of his Rubrics was fueled by months of Defendant's continued support of Rentschler's development of the Rubrics.

19.     In light of what Rentschler reasonably believed was a growing relationship with Defendant throughout the twelve months, Rentschler was devastated when Northen told him on January 18, 2012, that Defendant had decided not to accept Valid Eval's proposal for the software license and rights to use the Rubrics.  However, Northen offered a one-time payment of up to $5,000 for the export and submission of all judging data captured by Valid Eval for Defendant.  Attached as Exhibit D is a copy of the email thread between Northen and Rentschler.

20.     On the same day, Rentschler acknowledged receipt of Northen's correspondence and agreed to export all of Defendant's judging data for $5,000, but not for continued use of the

5

Rubrics.  Rentschler also resigned his positions as Regional Judging Chair member and National Judging Co-Chair for Defendant.  *Id.*

21.     On March 22, 2012, Rentschler voluntarily dissolved Rentschler Consulting LLC and continues to own a significant stake in and operate Valid Eval as its CEO.

<u>**Valid Eval's Discovery of Infringement**</u>

22.     Valid Eval incorporates herein by this reference each and every allegation contained in each paragraph above.

23.     On July 19, 2016 Ian Foraker ("Foraker"), the current Executive Director for Defendant, contacted Rentschler and told him that David Talon ("Talon") former National Judging Chair for Defendant, "pointed out that one version of the rubric [Defendant] has on file is very close to the version you are using at Valid Eval."  Attached as Exhibit E is a copy of Foraker's email to Rentschler.

24.     On July 20, 2016, Talon also told Rentschler directly that "[Talon] recently learned that the Midwest Region of the CTO was illegally using [Valid Eval's] copyrighted materials verbatim copied exactly from materials they had in their archives."  Attached as Exhibit F is a copy of Talon's email to Rentschler.

25.     On July 27, 2016, Foraker and Rentschler held a telephone conference, during which Foraker admitted that Defendant may have used the Infringed Rubrics.  Subsequently, Rentschler requested an accounting from Defendant of the instances of possible infringement. The Defendant agreed.  Attached as Exhibit G is a copy of the email from Rentschler to Foraker following up on telephone conference.

26218311v6

26.     Steven Segal ("Segal"), general counsel for Valid Eval, sent Defendant a follow-up letter on July 29, 2016, reiterating Valid Eval's objections to Defendant's continued use of the Infringed Rubrics and demanding Defendant to pay Valid Eval $25,000 for each year per region during which Defendant used the Infringed Rubrics.  Attached as Exhibit H is a copy of the correspondence from Segal to Defendant.

27.     To date, Defendant has yet to confirm that it has ceased all use and distribution of the Infringed Rubrics, or derivatives thereof, or to make any payments to Valid Eval for Defendant's use and distribution of the Infringed Rubrics.

**Valid Eval's Copyright Registration**

28.     Valid Eval incorporates herein by this reference each and every allegation contained in each paragraph above.

29.     Valid Eval filed on an expedited manner on September 2, 2016, a copyright application for the Infringed Rubrics, under the title, "2011 Judging Rubric".  On the same day, the application issued to registration under Copyright Registration No. TXu002006978. Attached as Exhibit I is a copy of the registration certificate and the registered work.

**CLAIM FOR RELIEF**
**(Copyright Infringement)**

30.     Valid Eval incorporates herein by this reference each and every allegation contained in each paragraph above.

31.     Despite Valid Eval's demands and actual notice of Valid Eval's exclusive copyrights, Defendant continues to willfully distribute and use the Infringed Rubrics, which violates Valid Eval's exclusive rights to reproduce, distribute, and create derivative works of the

26218311v6

work. Unless enjoined and restrained, Defendant's conduct threatens to further infringe Valid Eval's copyright interests.

32.     Valid Eval is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and indifference to the rights of Valid Eval.

33.     By reason of Defendant's ongoing infringement, Valid Eval has sustained, and will continue to sustain, substantial injury, loss and damage to its ownership rights in the copyrighted work.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Valid Eval prays for judgment against Defendant as follows:

1.      For an Order instructing Defendant to pay twenty-five thousand dollars ($25,000) for each judging region that used the Infringed Rubrics multiplied by the number of years the Infringed Rubrics were used in each judging region;

2.      For an Order instructing Defendant to immediately destroy all copies of the Infringed Rubrics, software, and other works containing Valid Eval's copyrighted material;

3.      For an Order instructing Defendant to immediately notify all parties who have already received a copy of the Infringed Rubrics from Defendant that Defendant's inclusion of Valid Eval's copyrighted material in those Rubrics was undertaken without Valid Eval's authorization;

4.      For an Order instructing Defendant to immediately notify all third-party recipients of Infringed Rubrics from Defendant that the Infringed Rubrics must be destroyed and to confirm destruction of all copy of the Infringing Rubrics that may now reside on third-parties' platforms;

5.      For Valid Eval's costs in this action;

8

6.     For Valid Eval's reasonable attorneys' fees incurred herein; and

7.     For such further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 18th day of October, 2016.

Respectfully submitted,

LATHROP & GAGE LLP

s/ *Jon R. Trembath*
Jon R. Trembath
jtrembath@lathropgage.com

s/ *Donna P. Gonzales*
Donna P. Gonzales
dgonzales@lathropgage.com

950 17th Street, Suite 2400
Denver, CO 80202
Phone: (720) 931-3200
Fax: (720) 931-3201

*Attorneys for Plaintiff Valid Evaluation, Inc.*

26218311v6